JKM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Malick M. Njai, ) | No. CV 05-3704-PHX-SRB (BPV) |
| Petitioner, ) | **ORDER** |
| vs. ) | |
| Alberto R. Gonzales, et al., ) | |
| Respondents. ) | |

## I. Background.

Petitioner filed this Petition for Writ of Habeas Corpus on November 15, 2005, asserting that he should be released from custody because his lengthy detention is not required under the relevant statutes and because he is neither a flight risk nor a danger to the community. In opposing the petition, Respondents argue that the Court lacks jurisdiction because Petitioner failed to exhaust available administrative remedies. Respondents also argue, in the alternative, that Petitioner is currently subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) because his conviction for false impersonation of a citizen of the United States in violation of 18 U.S.C. § 911 constitutes a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I).

The Magistrate Judge has issued his Report and Recommendation recommending that the Petition be granted. The Magistrate Judge finds that Petitioner's current detention is pursuant to the pre-removal order detention statute, 8 U.S.C. § 1226, rather than the post-

removal order detention statute, 8 U.S.C. § 1231. Nonetheless, the Magistrate Judge concludes that Petitioner's case is distinguishable from Demore v. Kim, 538 U.S. 510 (2003), in which the Supreme Court upheld the mandatory detention of an alien under 8 U.S.C. § 1226(c). This case is distinguishable, according to the Magistrate Judge, because: (1) Petitioner has not conceded his deportability, unlike the alien in Kim; (2) Petitioner's detention has far exceeded the brief period of detention envisioned by Kim; and (3) the language of § 1226(c) — "the Attorney General shall take into custody any alien who [is deportable for having been convicted of specified crimes] when the alien is released . . . ." — does not authorize Petitioner's detention because he was taken into custody many years after he was released from custody for his conviction under 18 U.S.C. § 911. The Magistrate Judge also concludes that Petitioner's lengthy detention violates his constitutional right to procedural due process because he was not provided with meaningful detention review.

Respondents filed objections to the Report and Recommendation. Respondents argue that the Magistrate Judge should not have relied on Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005), to distinguish Kim. According to Respondents, the alien in Tijani was still detained during administrative proceedings for more than two years and six months,[1] whereas Petitioner's "detention during proceedings ended on April 27, 2005."[2] (Doc. #18 at 1.) Respondents also object to the Magistrate Judge's reliance on Zadvydas v. Davis, 533 U.S. 678 (2001). Respondents claim that Zadvydas is inapplicable because although Petitioner is subject to final order of removal, the removal period under 8 U.S.C. § 1231(a)(1)(B) will not begin until the Ninth Circuit issues its final order on his pending petition for review.

---

[1] It is far from clear that the alien in Tijani was detained for more than two years before the Board of Immigration Appeals ("BIA") entered a final order of removal in his administrative proceedings. The Ninth Circuit explained that the alien had been detained for two years and eight months when they issued their opinion on December 13, 2005, Tijani, 430 F.3d at 1242, and that the BIA issued its decision almost twelve months earlier on December 29, 2004, id. at 1247 n.7 (Tashima, J., concurring).

[2] This statement is not consistent with the record. Petitioner was not taken into custody by Immigration and Customs Enforcement ("ICE") until May 5, 2005 — one week after the BIA issued its decision. (Doc. #15, Bates No. 128.)

In his Opposition to Respondents' Objections to the Magistrate Judge's Report and Recommendation, Petitioner argues that Respondents are improperly trying to have it both ways by arguing that Tijani does not apply because Petitioner's administrative proceedings terminated when the BIA issued its decision and that Zadvydas does not apply because review of Petitioner's removal proceedings are still pending in the Ninth Circuit. Petitioner contends that his proceedings have not yet terminated and that the lengthy time that he has been detained while his petition for review has been pending distinguishes his case from Kim.

The Court will grant the Petition, but on different grounds than those stated by the Magistrate Judge.

**II.     Exhaustion.**

Respondents argue that administrative exhaustion is required under 8 U.S.C. § 1252(d)(1). But the plain language of the statute belies its application to this case. The statute provides:

> (d) Review of final orders
>    *A court may review a final order of removal* only if —
>    (1) the alien has exhausted all administrative remedies available to the alien as a matter of right . . . .

8 U.S.C. § 1252(d) (emphasis added). Because Petitioner is not seeking review of a "final order of removal," the statutory exhaustion requirement does not apply.

Respondents also argue that the Petition should be dismissed under the judicially created prudential exhaustion requirement. Respondents assert that Petitioner failed to exhaust administrative remedies because he did not appeal to the BIA from the immigration judge's order denying his application for bond for lack of jurisdiction. Respondents argue that the BIA would have had jurisdiction to determine whether Petitioner's conviction subjects him to mandatory detention under 8 U.S.C. § 1226(c). Respondents are mistaken. The BIA would not have had jurisdiction to hear an appeal from the immigration judge's order denying Petitioner release on bond.

1 An immigration judge's order of removal becomes "final" upon a "determination by
2 the [BIA] affirming such order" or the "expiration of the period in which the alien is
3 permitted to seek review of such order," whichever is earlier. 8 U.S.C. § 1101(a)(47)(B)(i)-
4 (ii). Thus, Petitioner's removal order became final on April 27, 2005, when the BIA affirmed
5 the immigration judge's removal order. Once Petitioner's removal order became final, the
6 immigration judge and the BIA no longer had jurisdiction over his custody determination.
7 See 8 C.F.R. § 236.1(d)(1) (immigration judges have jurisdiction to review the district
8 director's initial custody determination "at any time before an order under 8 CFR part 1240
9 becomes final"); see also In re Valles-Perez, 21 I. & N. Dec. 769, 772, 1997 WL 80986 (BIA
10 1997) ("[Indeed,] an Immigration Judge is divested of jurisdiction over a bond proceeding
11 . . . upon the entry of an administratively final order of deportation."). Under the regulations,
12 "when there is a final order of removal," jurisdiction to "make custody determinations" shifts
13 to the District Director and the Headquarters Post-Order Detention Unit. 8 C.F.R.
14 § 241(c)(1). Since Petitioner was first detained only after his removal order became final,
15 he could not appeal the immigration judge's denial of his request for bond to the BIA.
16 Accordingly, the Court will not dismiss this action for failure to exhaust administrative
17 remedies.

18 **III.   Authority to Detain Petitioner.**

19 Respondents assert that Petitioner is currently being detained by ICE under 8 U.S.C.
20 § 1226. They maintain that Petitioner is subject to mandatory detention under § 1226(c)
21 because Petitioner's conviction is a crime involving moral turpitude. But nothing in the
22 record supports Respondents' assertion that Petitioner is, in fact, being detained under §
23 1226(c). To the contrary, the evidence submitted by Respondents establishes that ICE is
24 currently claiming authority to detain Petitioner only under 8 U.S.C. § 1231.

25 Under § 1226(a), the Attorney General is authorized to arrest and detain an alien
26 "pending a decision on whether the alien is to be removed from the United States" and, if the
27 alien has been convicted of a specified offense, detention is mandatory under § 1226(c). But
28 Petitioner was not detained during removal proceedings — the Attorney General took him

into custody one week *after* the BIA's decision, which rendered the immigration judge's removal order final. See 8 U.S.C. § 1101(a)(47)(B)(i) (an immigration judge's order of removal becomes "final" upon a "determination by the [BIA] affirming such order"). Because Petitioner was subject to a final order of removal, the immigration judge lacked jurisdiction to consider his motion for bond redetermination. See 8 C.F.R. § 236.1(d)(1) (immigration judges have jurisdiction to review the district director's initial custody determination "at any time before an order under 8 CFR part 1240 becomes final"). Thus, no determination was ever made that Petitioner was subject to detention under § 1226(c).

Moreover, the evidence establishes that the decision to detain Petitioner was never based on a determination that his conviction subjected him to mandatory detention under § 1226(c). Instead, ICE determined that Petitioner would be detained based on the standards set forth in 8 U.S.C. § 1231. The "Notice to Alien of File Custody Review" issued by ICE on May 19, 2005, specifically provided that "[i]f ICE has not removed you from the United States within the removal period as set forth in INA 241(a) [codified at 8 U.S.C. § 1231(a)] . . ., the ICE Deciding Official will review your case for consideration of release on an Order of Supervision." (Doc. #15, Bates No. 120.) Because the Government has never made a determination that Petitioner is subject to mandatory detention under § 1226(c), the Court will not offer an advisory opinion regarding the propriety of his detention under that statute.

ICE is detaining Petitioner without bond under 8 U.S.C. § 1231. But that statute does not authorize Petitioner's detention. Following the entry of an administratively final order of removal, an alien is subject to mandatory detention during a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A), (a)(2). If he cannot be removed within the 90-day removal period, the alien may be granted supervised release or may be further detained, subject to administrative review. 8 U.S.C. § 1231(a)(3). Under § 1231(a)(6), an alien who is removable as an alien who was convicted of certain criminal offenses "may be detained beyond the removal period." 8 U.S.C. § 1231(a)(6). But the authority to detain under § 1231(a) does not apply to Petitioner because his 90-day removal period has not yet begun. The removal period will begin for Petitioner only when the Ninth Circuit issues its "final

order" on his petition for review. See 8 U.S.C. § 1231(a)(1)(B)(ii) ("If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, [the removal period begins on] the date of the court's final order."). Petitioner's detention is therefore not authorized by § 1231. Because Petitioner was never taken into custody under § 1226 and because his present detention is not authorized by § 1231, the Court will grant the Petition for Writ of Habeas Corpus.

**IT IS ORDERED** adopting the Magistrate Judge's Report and Recommendation in part. Having performed a *de novo* review of the record, the Court finds that Petitioner is currently being detained unlawfully under 8 U.S.C. § 1231.

**IT IS FURTHER ORDERED** granting Petitioner's Petition for Writ of Habeas Corpus. Respondents must release Petitioner from their custody.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment in favor of Petitioner and against Respondents.

DATED this 26th day of July, 2007.

_____
Susan R. Bolton
United States District Judge